Filed 4/1/26  P. v. Lara CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B345930 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA103117) |
| v. | |
| RICARDO LARA, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In 2009, a jury convicted appellant Ricardo Lara of premeditated and deliberate attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and second degree robbery (§ 211). The jury also returned true findings on allegations of gang involvement for both crimes (§ 186.22, subd. (b)(1)(C)) and personal firearm use for the attempted murder (§ 12022.53, subds. (b)–(d)).

In 2023, Lara filed a section 1172.6 petition for resentencing. The Legislature enacted section 1172.6 as part of a bill seeking to "ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § l; see *People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by § 1172.6, subd. (g) on other grounds.) The Legislature later expanded this same principle to apply to attempted murder convictions based on these doctrines as well. (§ 1172.6, subd. (a).)

Section 1172.6 sets forth a petitioning procedure as a means of providing retroactive relief to defendants convicted of murder, attempted murder, or manslaughter before these changes to the law. (See *Gentile, supra*, 10 Cal.5th at pp. 839, 843; § 1172.6, subds. (a)–(c).) If the petitioner "makes a prima facie showing that the petitioner is entitled to relief," the matter proceeds to an evidentiary hearing. (§ 1172.6, subd. (c).) At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under a theory of malice permissible under current law. (§ 1172.6, subd. (d)(3).)

---

[1] Subsequent statutory references are to the Penal Code.

Lara attached to his petition (1) the criminal information, and (2) his declaration that the "district attorney [had] contemplated and crafted a theory in which the defendant committed a crime with aforethought an[d] malice [that] is fundamentally unfair before any evidence was elicited, drawn or submitted." The court appointed counsel for Lara, who submitted a "merit brief" on his behalf. (Capitalization omitted.) The court concluded that Lara was ineligible for section 1172.6 relief as a matter of law, because "[t]he jury was only instructed on one theory of guilt for attempted murder: the intent to kill." The court expressly rejected the argument of counsel that the "court should not reject the petitioner's factual allegations on credibility grounds without conducting an evidentiary hearing," because Lara had not alleged any facts that would entitle him to relief. Lara timely appealed.

Lara's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Under those procedures, where, as here, the appellant files a supplemental brief, we are "required to evaluate the specific arguments presented in [the appellant's supplemental] brief." (*Id.* at p. 232.) We are not required to conduct an independent review of the record to identify appealable issues. (*Ibid.*) The reviewing court, however, has discretion to conduct such a review. (*Ibid.*) Cognizant of our discretion, we decline to conduct an independent review.

In his supplemental briefs, Lara argues that the court's instructions permitted the jury to convict him as an accomplice without finding he acted with an intent to kill or shoot the victim. But the court instructed the jury that, to convict Lara on the attempted murder count, "the People must [have] proven[n]

3

that," inter alia, "[Lara] . . . intended to kill [the victim]." Lara also asks this court to "consider" several cases that either address the natural and probable consequences doctrine and/or are no longer good law. (See, e.g., *People v. Favor* (2012) 54 Cal.4th 868.) The court did not instruct the jury on the natural probable consequence doctrine or any other theory of imputed malice.

Given the court's instructions, by convicting Lara of attempted murder, the jury necessarily found Lara acted with an intent to kill, a theory of malice permissible under current law. Thus, the court did not err in concluding he is ineligible for section 1172.6 relief as a matter of law. (See § 1172.6, subd. (d)(3).)

We therefore affirm.

4

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:




WEINGART, J.




M. KIM, J.